# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 95-20555

---

TIFFANY LESTER,

Plaintiff-Appellant,

versus

CITY OF BAYTOWN, ET AL.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

June 12, 1996

Before JOLLY, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant challenges the district court's order granting summary judgment on her claims under Title VII, § 1983 the Fair Labor Standards Act, and state law. We affirm the judgment of the district court.

Title VII

Section 704(a) of Title VII pro hibits retaliatory discharge for filing a Title VII claim. To prove a violation under this statute an employee "must prove that there was a causal connection between the protected activity and the adverse employment decision." Jack v. Texaco Research Center, 743 F.2d 1129, 1131 (5th Cir. 1984). The plaintiff must ultimately demonstrate that she would not have been terminated but for her filing of a charge with the EEOC. Lester failed to rebut the legitimate, nondiscriminatory reasons proffered for her termination in raising her Title VII claim

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

for retaliatory discharge. Lester thus fails to carry her heavy burden of demonstrating causation-in-fact.

Section 1983

Lester argues that the district court erred in granting summary judgment against her § 1983 claim because (1) the City deprived her of her property interests in (a) her employment, (b) receiving her paycheck, and (c) receiving payment for the sick leave she accumulated prior to her termination and (2) the City violated her liberty interest by accusing her of fraud when suspending her.

We find no deprivation of Lester's property interest. The City's pre-termination hearing more than satisfied the due process protections outlined by the Supreme Court in Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494, 503-04 (1985). Furthermore, she offers no proof that she was denied any benefits during her paid leave prior to her termination.

We also find unpersuasive Lester's claim that the City violated her liberty interest by accusing her of fraud when it suspended her. Lester fails to demonstrate that the fraud accusations made against her were renewed at the time of her discharge and, thus, "were made against [her] in connection with the discharge." See Rosenstein v. City of Dallas, 876 F.2d 392, 395-96 (5th Cir. 1989), aff'd, 901 F.2d 61 (5th Cir. 1990).

Lester also argues that the City's inquiries of her second employer about the hours she worked during September of 1992 violated her liberty interest in working a second job. This argument, too, fails because Lester presents no evidence that the City's inquiries precluded her from working at San Jacinto College.

Fair Labor Standards Act

As to her challenge to the district court's summary disposal of her claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, we find no error. Lester filed this lawsuit on August 30, 1994, and worked no overtime in the preceding two years. She presents no contradictory evidence. Nor does she show any willful violation on the part of the City which would

2

entitle her to a three year extension of the statute of limitations. This claim therefore fails as a matter of law.

State Law

Finally, Lester contends that the district court's grant of summary judgment, sua sponte, on her state law claims lacked the ten days notice required by Federal Rule of Civil Procedure 56(c). We find that this deficiency was harmless error. See Powell v. United States, 849 F.2d 1576, 1579-82 (5th Cir. 1988).

CONCLUSION

In light of the absence of a material fact issue with respect to Lester's various federal and state law claims warrants, we hereby affirm the district court's grant of summary judgment in favor of the City.

AFFIRMED.